ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  CA BAR #163443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: mark.inciong@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 2 2006

at ___ o'clock and ___ min ___ M
SUE B___    CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00003 HG |
| --- | --- | --- |
| Plaintiff, | ) | CR. NO. 05-00106 HG |
| vs. | ) | MEMORANDUM OF PLEA AGREEMENT |
| STEVEN PAUL ECHOLS, | ) | Date:  01/12/06 |
| | ) | Time:  2:00 p.m. |
| Defendant. | ) | Judge: Honorable Leslie E. Kobayashi |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, STEVEN PAUL ECHOLS, and his attorney, Myles Breiner, Esq., have agreed upon the following:

1.   Defendant acknowledges that he has been charged in a Information with violating Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A).

2. Defendant has read the charges against him contained in the Information and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Information charging him with conspiracy to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers. The prosecution agrees to move to dismiss the First Superseding Indictment as to Defendant after sentencing.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters these pleas because he is, in fact, guilty of conspiring to manufacture 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers as charged in the Information, and agrees that his plea is voluntary and not the result of force or threats. Further, Defendant understands that he has been charged with an offense that requires the Government to prove beyond a reasonable doubt to a jury that he is responsible for conspiring to manufacture 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers. Defendant agrees that he is knowingly

responsible for conspiring to manufacture 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers and hereby waives any and all right he has to have a jury determine drug type and weight beyond a reasonable doubt.

    7. Defendant understands that the penalties for the offenses to which he is pleading guilty include:

    a. Imprisonment for not more than life, a fine of up to $4,000,000, or both, and a term of supervised release of not less than five (5) years and up to life;

    b. A mandatory minimum term of imprisonment of ten (10) years; and

    c. At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d);

d. In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

   a. In or about August, 2004, defendant STEVEN PAUL ECHOLS (hereinafter "ECHOLS") agreed with co-defendant Holly Koliopoulos (hereinafter "Koliopoulos"), co-defendant Arthur Kiyoshi Hidano (hereinafter "Hidano") and others to manufacture quantities of methamphetamine.

   b. On or about August 3, 2004, defendant STEVEN PAUL ECHOLS placed an online order with FS Book Company for the following books: "Secrets of Methamphetamine Manufacture", "Total Synthesis II", "Amphetamine

   d. In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

   8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

   a. In or about August, 2004, defendant STEVEN PAUL ECHOLS (hereinafter "ECHOLS") agreed with co-defendant Holly Koliopoulos (hereinafter "Koliopoulos"), co-defendant Arthur Kiyoshi Hidano (hereinafter "Hidano") and others to manufacture quantities of methamphetamine.

   b. On or about August 3, 2004, defendant STEVEN PAUL ECHOLS placed an online order with FS Book Company for the following books: "Secrets of Methamphetamine Manufacture", "Total Synthesis II", "Amphetamine

    Syntheses", "Advanced Techniques of Clandestine Psychedelic & Amphetamine Manufacture" and "Sources."

c. In or about February, 2005, defendants Koliopoulos and Hidano, at ECHOLS' request, purchased boxes of cold medicine for defendant ECHOLS to use in the manufacture of methamphetamine.

d. On or about February 16, 2005, defendant STEVEN PAUL ECHOLS placed an online order with Hyder Business Services, Ltd. for 500 grams of iodine crystals with the iodine to be shipped to: Stephen Echols, 45-943 Kamehameha Highway, Suite C-258, Kaneohe, Hawaii.

e. On or about March 4, 2005, defendant ECHOLS sent an e-mail confirming he had sent payment via Paypal for his online order of one kilogram of red phosphorous.

f. On or about March 4, 2005, at ECHOLS' request, co-defendant Koliopoulos drove to the UPS Store located at 45-943 Kamehameha Highway, Kaneohe, Hawaii to pick up the iodine ECHOLS had purchased.

g. On or about March 4, 2005, at the UPS store referenced above, co-defendant Koliopoulos picked up a Royal Mail parcel addressed to Steven Echols which listed the contents as iodine. Koliopoulos signed for the parcel by writing "S. Echols."

    h. On or about March 5, 2005, at 94-068 Puanane Loop, Mililani, Hawaii, defendant ECHOLS possessed chemicals, laboratory glassware, air pumps and filters, which were used in the manufacture of methamphetamine, as well as amounts of actual methamphetamine.

    i. Laboratory analysis of the substance seized from the Royal Mail parcel intended for delivery to ECHOLS revealed it to be 501.7 grams of iodine.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. The parties stipulate to the facts as set forth in paragraph 8 of this agreement.

    b. The parties further agree that Defendant is responsible for conspiring to manufacture at least 150 grams, but not more than 500 grams, of actual methamphetamine - the total

amount of methamphetamine capable of being produced from the 500 grams of iodine purchased by the Defendant on February 16, 2005. The results of the laboratory analysis of the iodine seized are as follows:

| DEA Ex.#: | Listed Chemical: | Net Wgt: |
|---|---|---|
| 1 | Iodine | 501.7 grams |

The foregoing chemical analysis was conducted by the DEA Southwest Laboratory. Iodine is a List II Chemical pursuant to Guidelines Section 2D1.11(e).

      c.    The parties further agree that the total weight of the iodine, described above, and resulting 150-500 grams of actual methamphetamine capable of being produced from the iodine places the Defendant at a base offense level of 34 under the Sentencing Guidelines.

      d.    The parties further agree that the Defendant was an organizer, leader, manager and supervisor in the conspiracy which is the basis of Count 1 of the Information and, thus, a two-level upward departure pursuant to Guideline § 3B1.1(c) shall apply.

      e.    The parties further agree that the Defendant possessed a firearm at his residence of 94-068 Puanane Loop, Mililani, Hawaii and, thus, a two-level upward departure pursuant to Guideline § 2D1.1(b)(1) shall apply.

    f. The parties further agree that Defendant conspired to manufacture methamphetamine from listed chemicals (iodine) that he knew were unlawfully imported and, thus, a two-level upward departure pursuant to Guideline § 2D1.1(b)(4) shall apply.

    g. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

  11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of

the presentence report, determine the facts relevant to sentencing.

12. The parties are presently unaware of any factual disputes affecting the sentencing of defendant herein.

13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in

that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

        c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

        14.    The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

        15.    The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

        16.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

   f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the indictment.

  17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

   a. Defendant further waives his Rule 16 right to full discovery in this matter.

  18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor

agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. The Defendant agrees that he will fully cooperate with the United States.

    a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

    b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United

States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

      c.  Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

      d.  Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

      22.  In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

   a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

   b. This Agreement does not require the prosecution to make such a request or motion.

   c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

   d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

DATED: ~~JAN 5 2006~~ JAN 12 2006, at Honolulu, Hawaii.

AGREED:

_____      _____
EDWARD H. KUBO, JR.                  STEVEN PAUL ECHOLS
United States Attorney               Defendant
District of Hawaii


_____      _____
FLORENCE T. NAKAKUNI                 MYLES BREINER, Esq.
Chief, Narcotics Section             Attorney for Defendant


_____
MARK A. INCIONG
Assistant U.S. Attorney